STATE OF MAINE
CUMBERLAND, ss

UNIFIED CRIMINAL DOCKET
Docket No.: CUMCD-CR-16-4254, et al

STATE OF MAINE,

v.

SHADIYO HUSSAIN ALI; JANESSA
HAYDEN; CAITLYN VAUGHN; KENNEDY
JOHNSON; MARIANA ANGELO; SARAH
LAZARE; IDMAN ABDULKADIR;
LLEWELLYN PINKERSON; SALMA
HASSAN; BENNY VAN DERBURGH;
LEILA SAAD; ALBA BRIGGS; KAREN
LANE; SABLE KNAPP; KENNEDY
BEARTEAUX; NASREEN SHEIKYOUSEF;
and LEAH KRAVETT

)
)
)
)
)
)
)
)

ORDER ON STATE'S MOTION
TO RESTORE TO THE DOCKET

This matter is before the court on the State's motion to restore to the docket. For the following reasons, and upon careful consideration of the evidence, the State's motion is denied.

*Facts*

Over the course of several hours, the parties engaged in a judicially assisted settlement conference, the end result of which was a filing agreement executed by the defendants on December 27, 2016. All of the defendants were represented by counsel and they agreed to the following special condition:

Participate in the Restorative Justice Program **as directed by the District Attorney's Office.**[1]

Deputy District Attorney Ackerman took the lead in coordinating the restorative justice meeting, which was to be held at the First Parish Unitarian

---

[1] The court emphasizes the last clause of the sentence as the dispute rests on its interpretation. The special conditions also included the payment of a fee toward the program cost and a donation to the Victim's Compensation Fund, both of which the defendants fulfilled.

Church in Portland on February 1, 2017. Under her authority to direct the restorative justice meeting, D.D.A. Ackerman, by email dated January 10, 2017, informed all defense counsel that the defendants would be divided into two approximately equal-sized groups, one to meet from 9-11 a.m. and the other from 1-3 p.m. Ackerman testified that the purpose of this arrangement was to facilitate a meaningful and productive discussion in groups of manageable numbers. The restorative practices coordinator, Fred Van Liew, thought this was a reasonable approach, although Mr. Van Liew also expressed to Attorney Gale that he could facilitate a meeting with the entire group together. In fact, Mr. Van Liew indicated that he had successfully moderated restorative justice meetings with groups of far greater numbers. In this respect, Mr. Van Liew, exhibited a practical flexibility that the parties would have done well to emulate.

On the day of the restorative justice meeting, the Defendants[2] appeared at the church at approximately 9 a.m. However, they were surprised to see Ms. Ackerman there and initially refused to allow her to be part of the meeting. They also refused to meet in the two separate groups that Ms. Ackerman had designated some three weeks before the meeting.[3] Ackerman testified that the Defendants were upset and not particularly respectful when confronting her about their objections.

In response, several defense counsel hastily arrived at the church and discussed with their clients, Ms. Ackerman and D.A. Anderson a way to salvage the meeting. Police Chief Sauschuck was also there. The Defendants ultimately agreed to allow Ms. Ackerman to be at the meeting, along with several defense attorneys,

---

[2] The only Defendant who did not appear was Sable Knapp, who was scheduled to be at the 1p.m. session. Her attorney emailed Ms. Ackerman at 11:24 a.m. that Ms. Knapp was prepared to fulfill her part of the filing agreement at 1p.m. Ms. Ackerman did not respond and there was no evidence that Ms. Knapp refused to participate in the meeting. The State's motion to restore with respect to Ms. Knapp is therefore, denied.

[3] The Defendants also contend that they did not invite "community observers," a representative from the Portland chapter of the NAACP and a representative of the MCLU. The issue moot, as the NAACP representative left upon being notified that the Defendants had not invited her. The MCLU representative never appeared for the meeting.

but wanted to proceed to the restorative justice meeting as a single group. The representatives from the District Attorney's office refused, terminated any further discussion, left the building along with Chief Sauschuck and cancelled both meeting sessions. The State considers this a breach of the filing agreement and has filed a motion to restore the cases to the docket.

### Discussion

The Law Court has described the practice of filing agreements simply as the mutually agreed-to suspension and possible dismissal of the criminal charge(s), subject to compliance with the conditions of the filing agreement and the control of the court. *State v. Russo*, 2008 ME 31, P.11. Perhaps more simply put, a filing agreement is a contingency contract. So long as the defendant complies with the terms of the contract, the charge will be dismissed upon the end of the term. If the defendant fails to comply with a condition of the contract, the matter is reinstated to the docket and the charges proceed to trial in the normal course, with all of the constitutional protections afforded every defendant, and the burden of proof beyond a reasonable doubt borne by the State.

Filing agreements are contracts and therefore courts apply contract law principles when interpreting them. *State v. Russo*, 2008 ME 31, P.14. The court is mindful that filing agreements receive more scrutiny than commercial contracts as the former involve the implication of constitutional rights. *State v. Murphy*, 2004 ME 118, P8, 861 A.2d 657, 661. The State bears the responsibility for any ambiguity. *Id.*

The interpretation of a filing agreement, as with any contract, must begin with an examination of the plain language used. Only if there is an ambiguity may the court consider extrinsic evidence to determine the intent of the parties and the meaning of the disputed provision. The question is not whether the contested contractual language could have been drafted more clearly but whether under the particular facts of the case, it is susceptible to a reasonable alternative

3

interpretation. For the following reasons, the court concludes that the disputed language is unambiguous.

Defendants contend that there is a more restrictive alternative interpretation of "as directed by the District Attorney's office". They claim that the D.A.'s authority as expressed by the filing language is limited only to scheduling details, such as the time and place of the meeting. However, there is nothing in the plain language of the filing agreement or the surrounding circumstances to support such a restrictive interpretation that would otherwise create an ambiguity to be resolved against the State. In fact, the opposite is true. The word "direct" is commonly defined to mean "to regulate the activities or course of; to carry out the organizing, energizing, and supervising of; to dominate and determine the course of." *Merriam Webster Dictionary.* Simply because the phrase "as directed by the District Attorney's office" is broad, does not ineluctably also make it ambiguous.

Moreover, Defendants' argument is undermined by the reality that Ackerman was communicating to defense counsel the disputed conditions for the meeting after the filing was executed. None of the defense attorneys argued that the filing agreement did not give her that authority.

The court recognizes that such broad authority has rational limitations that might otherwise create an ambiguity under much different circumstances than presented here. Precisely because the modest conditions of splitting the defendants into two groups to facilitate a more meaningful and orderly dialogue and for Ms. Ackerman to attend to hear the concerns of the Defendants both closely relate to carrying out the restorative justice meeting, the court is satisfied that the filing agreement is unambiguous.

The record is clear that Defendants refused to split into two groups. The Court must consider whether that constitutes a material breach or a non-material breach of the filing agreement. If the former is true, the cases are to be restored to

4

the docket. If the latter is true, then the State is not excused from its non-performance by terminating the meeting while the Defendants were present and prepared to move forward with the meeting, albeit together.

A total breach of contract is a non-performance of a duty that is so material and important to the heart of the contract as to justify the non-breaching party in regarding the whole transaction as at an end. However, if the breach is not sufficiently material and important to the heart of the contract, the breach is called a partial breach or a non-material breach. If the breach is not material, the non-breaching party must still perform its obligations in order for it to avoid also breaching the contract. In other words, it is not excused from its performance. *Down East Energy Corp. v. RMR, Inc.*, 1997 ME 148, 697 A.2d 417, 421.

The Court concludes that the Defendants' desire to participate in the restorative justice meeting as one group as opposed to two groups was, at most, a non-material breach of the filing agreement. As such, the State was required to perform its obligation to participate in the meeting or allow the meeting to go forward. This is supported by the patently obvious, and under the circumstances the somewhat ironic goal of the restorative justice meeting; to wit, to allow everyone to be heard. It is also supported by the candid testimony of the prosecutors, who conceded that they are not experts in how to conduct such large restorative justice meetings and would therefore defer to the advice of professionals in the field. Mr. Van Liew, a professional facilitator for restorative justice meetings, informed counsel on the morning of the meeting that he could successfully manage a meeting with all Defendants and had in fact facilitated much larger meetings. The parties scheduled a total of four hours for the two meetings, which the Court is confident was ample time to allow an orderly and productive exchange between all of the Defendants and Chief Sauschuck.

Under these circumstances, the State was not free to consider the transaction at an end, leave the meeting and have the Court declare that the Defendants

breached the agreement. The State agreed to have the Defendants participate in a restorative justice meeting and it has an obligation to try to make it work.

The parties freely entered into a plainly worded filing agreement that required a restorative justice meeting and they remain bound to fulfill those terms, which absent an amendment to the agreement, is precisely what they shall do.

The State's Motion to Restore to the Docket is **DENIED.**

The Clerk is directed to enter this Order on the unified criminal docket by reference pursuant to Maine Rule of Unified Criminal Procedure 53(a).

Date: May 23, 2017

_____
Lance E. Walker
Justice, Superior Court

6

# CUMBERLAND CRIMINAL DOCKET
COURT SCHEDULING REPORT (A) FROM 05/19/2017 TO 05/19/2017
## SCHEDULED FOR DATE 05/19/2017 at 09:00 a.m. ROOM #:08 HON. LANCE WALKER

**CUMCD-CR-2016-04243 IDMAN ABDULKADIR** DOB:04/30/1990
MOTION TO RESTORE TO DOCKET ATTY:JODI NOFSINGER
Count(s) 001-OBSTRUCTING PUBLIC WAYS Class E MATTHEW PAVLIS POR
Count(s) 002-FAILURE TO DISPERSE Class E POR
Count(s) 003-OBSTRUCTING GOVERNMENT ADMINISTRATION POR
Class D

**CUMCD-CR-2016-04255 SHADIYO HUSSAIN ALI** DOB:01/01/1993
MOTION TO RESTORE TO DOCKET ATTY:STACEY D NEUMANN
Count(s) 001-OBSTRUCTING PUBLIC WAYS Class E MATTHEW PAVLIS POR
Count(s) 002-FAILURE TO DISPERSE Class E POR
Count(s) 003-OBSTRUCTING GOVERNMENT ADMINISTRATION POR
Class D
Count(s) 004-DISORDERLY CONDUCT, LOUD UNREASONABLE POR
NOISE Class E

**CUMCD-CR-2016-04254 MARIANA A ANGELO** DOB:04/01/1996
MOTION TO RESTORE TO DOCKET ATTY:LUKE RIOUX
Count(s) 001-OBSTRUCTING PUBLIC WAYS Class E MATTHEW PAVLIS POR
Count(s) 002-FAILURE TO DISPERSE Class E POR
Count(s) 003-OBSTRUCTING GOVERNMENT ADMINISTRATION POR
Class D
Count(s) 004-DISORDERLY CONDUCT, LOUD UNREASONABLE POR
NOISE Class E

**CUMCD-CR-2016-04250 KENNEDY BARTEAUX** DOB:02/17/1978
MOTION TO RESTORE TO DOCKET ATTY:LOGAN E PERKINS
Count(s) 001-OBSTRUCTING PUBLIC WAYS Class E MATTHEW PAVLIS POR
Count(s) 002-FAILURE TO DISPERSE Class E POR

**CUMCD-CR-2016-04247 ALBA BRIGGS** DOB:11/24/1990
MOTION TO RESTORE TO DOCKET ATTY:THOMAS F HALLETT
Count(s) 001-OBSTRUCTING PUBLIC WAYS Class E MATTHEW PAVLIS POR
Count(s) 002-FAILURE TO DISPERSE Class E POR
Count(s) 003-OBSTRUCTING GOVERNMENT ADMINISTRATION POR
Class D

**CUMCD-CR-2016-04249 SALMA I HASSAN** DOB:09/21/1993
MOTION TO RESTORE TO DOCKET ATTY:PHILIP NOTIS
Count(s) 001-OBSTRUCTING PUBLIC WAYS Class E MATTHEW PAVLIS POR
Count(s) 002-FAILURE TO DISPERSE Class E POR
Count(s) 003-DISORDERLY CONDUCT, LOUD UNREASONABLE POR
NOISE Class E

**CUMCD-CR-2016-04252 JENESSA HAYDEN** DOB:07/08/1993
MOTION TO RESTORE TO DOCKET ATTY:MATTHEW D BOWE
Count(s) 001-OBSTRUCTING PUBLIC WAYS Class E MATTHEW PAVLIS POR
Count(s) 002-FAILURE TO DISPERSE Class E POR

**CUMCD-CR-2016-04238 KENNEDY B JOHNSON** DOB:05/13/1994
MOTION TO RESTORE TO DOCKET ATTY:TINA H NADEAU
Count(s) 001-OBSTRUCTING PUBLIC WAYS Class E POR
Count(s) 002-FAILURE TO DISPERSE Class E POR

COURT SCHEDULING REPORT (A) FROM 05/19/2017 TO 05/19/2017

**SCHEDULED FOR DATE 05/19/2017 at 09:00 a.m. ROOM #:08** HON. LANCE WALKER

CUMCD-CR-2016-04244 **SABLE N KNAPP**                     DOB:08/01/1989
   MOTION TO RESTORE TO DOCKET                     ATTY:JULIAN RICHTER
   Count(s) 001-OBSTRUCTING PUBLIC WAYS Class E     MATTHEW PAVLIS          **POR**
   Count(s) 002-FAILURE TO DISPERSE Class E                                **POR**

CUMCD-CR-2016-04240 **LEAH R KRAVETTE**                   DOB:02/22/1991
   MOTION TO RESTORE TO DOCKET                     ATTY:DAVID MICHAEL ZIRSCHKY
   Count(s) 001-OBSTRUCTING PUBLIC WAYS Class E     MATTHEW PAVLIS          **POR**
   Count(s) 002-FAILURE TO DISPERSE Class E                                **POR**

CUMCD-CR-2016-04245 **KAREN L LANE**                      DOB:09/01/1965
   MOTION TO RESTORE TO DOCKET                     ATTY:JON C GALE
   Count(s) 001-OBSTRUCTING PUBLIC WAYS Class E     MATTHEW PAVLIS          **POR**
   Count(s) 002-FAILURE TO DISPERSE Class E                                **POR**

CUMCD-CR-2016-04239 **SARAH M LAZARE**                    DOB:10/11/1983
   MOTION TO RESTORE TO DOCKET                     ATTY:TINA H NADEAU
   Count(s) 001-OBSTRUCTING PUBLIC WAYS Class E     MATTHEW PAVLIS          **POR**
   Count(s) 002-FAILURE TO DISPERSE Class E                                **POR**
   Count(s) 003-OBSTRUCTING GOVERNMENT ADMINISTRATION                       **POR**
   Class D

CUMCD-CR-2016-04251 **LLEWELLYN PINKERTON**               DOB:07/12/1995
   MOTION TO RESTORE TO DOCKET                     ATTY:DEVENS M HAMLEN
   Count(s) 001-OBSTRUCTING PUBLIC WAYS Class E     MATTHEW PAVLIS          **POR**
   Count(s) 002-FAILURE TO DISPERSE Class E                                **POR**

CUMCD-CR-2016-04241 **LEILA U SAAD**                      DOB:02/14/1992
   MOTION TO RESTORE TO DOCKET                     ATTY:ROBERT J RUFFNER
   Count(s) 001-OBSTRUCTING PUBLIC WAYS Class E     MATTHEW PAVLIS          **POR**
   Count(s) 002-FAILURE TO DISPERSE Class E                                **POR**

CUMCD-CR-2016-04257 **NASREEN A SHEIKYOUSEF**             DOB:05/03/1991
   MOTION TO RESTORE TO DOCKET                     ATTY:ANDREW S EDWARDS
   Count(s) 001-OBSTRUCTING PUBLIC WAYS Class E     MATTHEW PAVLIS          **POR**
   Count(s) 002-FAILURE TO DISPERSE Class E                                **POR**
   Count(s) 003-OBSTRUCTING GOVERNMENT ADMINISTRATION                       **POR**
   Class D

CUMCD-CR-2016-04242 **BENNY VANDERBURGH**                 DOB:07/25/1993
   MOTION TO RESTORE TO DOCKET                     ATTY:E JAMES BURKE
   Count(s) 001-OBSTRUCTING PUBLIC WAYS Class E     MATTHEW PAVLIS          **POR**
   Count(s) 002-FAILURE TO DISPERSE Class E                                **POR**

CUMCD-CR-2016-04253 **CAITLIN VAUGHAN**                   DOB:08/19/1986
   MOTION TO RESTORE TO DOCKET                     ATTY:MOLLY BUTLER BAILEY
   Count(s) 001-OBSTRUCTING PUBLIC WAYS Class E     MATTHEW PAVLIS          **POR**
   Count(s) 002-FAILURE TO DISPERSE Class E                                **POR**